IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

REDONNA T. HANNA,

    Petitioner,

vs.                                         No. 05-2018-Ma/V

GLEN TURNER,

    Respondent.

ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Petitioner Redonna T. Hanna, Tennessee Department of Correction prisoner number 286985, an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2254 on January 7, 2005, along with a legal memorandum and an application seeking leave to proceed in forma pauperis. The Court issued an order on April 13, 2005 that denied the application for leave to proceed in forma pauperis as moot and directed the respondent to file the state-court record and respond to the petition. For reasons that are not clear, Hanna filed another in forma pauperis affidavit on May 2, 2005. Because Hanna has paid the habeas filing fee, that motion is DENIED as

moot. On July 14, 2005, respondent filed a motion to dismiss the petition as time barred, accompanied by portions of the state-court record. In his motion, the respondent also sought an extension of time to file a response addressing the merits of the petition and to file the remainder of the state-court record. Because the Court grants the motion to dismiss the petition as time barred, no further filings are necessary. The motion for an extension of time is DENIED as moot.[1]

I.   STATE COURT PROCEDURAL HISTORY

On or about February 9, 1998, Hanna and a codefendant, Bernardo C. Lane, were convicted after a jury trial in the Shelby County Criminal Court of three counts of aggravated robbery, one count of especially aggravated robbery, one count of aggravated burglary, one count of first degree felony murder, and one count of first degree premeditated murder. A sentencing hearing was conducted on March 30, 1998, at which time Hanna was sentenced as a Range I standard offender to concurrent terms of ten (10) years for each aggravated robbery conviction, twenty (20) years for especially aggravated robbery, three (3) years for aggravated burglary, and life imprisonment for first degree murder. The Tennessee Court of Criminal Appeals affirmed. State v. Hanna, No.

---

[1] Respondent had previously obtained an extension of time to respond to the petition, and his response was due July 1, 2005. In his filing, respondent provided no explanation for his tardiness, and he did not seek leave to permit this late-filed response. The Court will, nonetheless, exercise its discretion to accept this filing.

2

02C01-9806-CR-00165, 1999 WL 689414 (Tenn. Crim. App. Sept. 7, 1999), perm. app. denied (Tenn. Apr. 10, 2000).

Hanna filed a pro se petition pursuant to the then-current version of the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-201 to -222, in the Shelby County Criminal Court on or about April 6, 2001.[2] The postconviction court denied the petition on or about March 26, 2002, and the Tennessee Court of Criminal Appeals affirmed. Hanna v. State, No. W2002-00821-CCA-R3-PC, 2003 WL 22071447 (Tenn. Crim. App. Aug. 27, 2003), perm. app. denied (Tenn. Jan. 26, 2004).

II.     PETITIONER'S FEDERAL HABEAS CLAIMS

In this federal habeas petition, Hanna raises the following issues:

1.  The evidence is insufficient to sustain his conviction;

2.  The trial court erred in denying his motion to suppress his confession as involuntary; and

3.  The convictions for both first degree felony murder and premeditated first degree murder violated his double jeopardy rights.

---

[2] The precise date on which the postconviction petition was filed is not in the record before the Court. Respondent did not file the postconviction petition, and the opinion of the Tennessee Court of Criminal Appeals does not state the date on which the petition was filed. In its brief to the Tennessee Court of Criminal Appeals, respondent stated the petition was filed on April 6, 2001, Addendum 12 at 2, whereas the petitioner stated in his brief that the petition was filed on April 23, 2001, Addendum 11 at 2. The discrepancy is likely due to Tennessee's "mailbox" rule, Tenn. Sup. Ct. R. 28, § 2(G), which provides that papers submitted by a prisoner shall be deemed to be filed on the date they were delivered to prison officials for mailing. For purposes of this order, the Court will assume, as did respondent, that the postconviction petition was filed on April 6, 2000, as that date is more favorable to petitioner than the date in his brief.

3

III. <u>ANALYSIS OF THE MERITS</u>

Respondent has filed a motion to dismiss the petition on the ground that it is untimely. Twenty-eight U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Application of these provisions in this case is straightforward. State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) at the expiration of the time for

4

filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). In this case, the Tennessee Supreme Court denied permission to appeal the decision of the Tennessee Court of Criminal Appeals on direct appeal on April 10, 2000, and the time for filing a petition for a writ of certiorari expired ninety days later, on July 10, 2000.[3] The running of the limitations period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), when Hanna filed his postconviction petition on or about April 6, 2001. By that time, two hundred thirty-nine (239) days of the one-year limitations period had elapsed. The running of the limitations period recommenced on April 26, 2004, the expiration of the time for filing a petition for a writ of certiorari from the dismissal of his postconviction petition. Only one hundred twenty-six (126) days remained in which to file a timely § 2254 petition. That time expired on August 30, 2004. Hanna's petition was signed on January 4, 2005 and, even if it were deemed to have been filed on that date, see Houston v. Lack, 487 U.S. 266 (1988); Miller v. Collins, 305 F.3d 491, 497-98 & n.8 (6th Cir. 2002); Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion), it would be time barred.[4]

---

[3] Because the ninetieth day fell on Sunday, July 9, 2000, Hanna had until the next day to file a timely petition. Sup. Ct. R. 30.1.

[4] Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. In this case, however, an examination of Hanna's petition reveals no basis for concluding that the
(continued...)

5

The one-year limitations period applicable to § 2254 motions is subject to equitable tolling. Griffin v. Rogers, 308 F.3d 647, 652-53 (6th Cir. 2002); see also Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001) (equitable tolling also applies to § 2255 motions). Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Dunlap, 250 F.3d at 1008.[5]

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500; see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

---

[4] (...continued) limitations period began to run at any time later than the date on which his conviction became final.

[5] This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

6

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[6]

Hanna cannot satisfy his burden of demonstrating that equitable tolling would be appropriate in this case. It appears that Hanna mistakenly assumed that the one-year period for filing a petition pursuant to 28 U.S.C. § 2254 commences to run, in the first instance, only after the disposition of all state-court

---

[6] See also Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

7

collateral challenges to his conviction. For the reasons previously stated, Hanna's ignorance of the law provides no basis for tolling of the limitations period.

Accordingly, the Court DISMISSES the petition, in its entirety, as time barred.

IV. APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard

8

announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits

9

with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[7]

In this case, there can be no question that this petition is time barred and, therefore, any appeal by this petitioner on any of the issues raised in this petition does not deserve attention. The Court, therefore, DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner

---

[7] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

10

must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 29th day of November, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

11

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 2:05-CV-02018 was distributed by fax, mail, or direct printing on December 1, 2005 to the parties listed.

---

Mark A. Fulks
ATTORNEY GENERAL'S OFFICE (NashvilleCr)
P.O. Box 20207
Nashville, TN 37202

Redonna Hanna
HARDEMAN COUNTY CORRECTIONAL FACILITY
286985
P.O. Box 549
Whiteville, TN 38075

Honorable Samuel Mays
US DISTRICT COURT